PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. DAVID ALLEN BARBE                                    Docket Number: 97-cr-00154-ZLW

**Supplemental Petition for Issuance of Warrant Due to Violations of Supervised Release**

COMES NOW, Veronica Ramirez, probation officer of the court, presenting an official report upon the conduct and attitude of David Allen Barbe who was placed on supervision by the Honorable Zita L. Weinshienk sitting in the court at Denver, Colorado, on the 6th day of October, 1997, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.  Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

2.  Defendant shall participate in a program of mental health counseling if deemed necessary by the Probation Officer. Defendant will be required to pay the costs of said treatment.

**On July 25, 2003, defendant's term of supervised release was revoked and he was sentenced to fourteen (14) months imprisonment to be followed by thirty-four (34) months of supervised release.**

**On June 7, 2004, the Court modified the defendant's conditions as follows:**

3.  The defendant shall reside in a Community Corrections Center for a period of 120 days to commence June 24, 2004.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER that the original petition filed on October 27, 2004, which requested the issuance of a warrant for violations of supervised release be supplemented to include additional violations of supervised release.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 26th day of August, 2009, and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | *s/ Veronica Ramirez* |
| *[signature: Zita L. Weinshienk]* | Veronica Ramirez |
| | Senior U.S. Probation Officer |
| Zita L. Weinshienk | Place: Denver, Colorado |
| Senior U.S. District Judge | Date: August 20, 2009 |

## ATTACHMENT

The defendant has committed the following additional violations of supervised release:

## 6. VIOLATION OF LAW

On or about November 16, 2004, the defendant committed the offense of Theft-$500-$15,000, in violation of Colorado Revised Statute 18-4-401(1), (2) (c), a Class 4 Felony, which constitutes a Grade B violation of supervised release.

This charge is based on the following:

According to the Fort Collins Police Department incident report, from November 16, 2004, through December 1, 2004, the defendant obtained three vehicles from Markley Motors located at 3401 South College Avenue, Fort Collins, Colorado, with forged checks. The cars included a 2001 Chevrolet Tahoe, sales price $20,502.31; 1998 Audi A6, sales price $12,056.03; and a 2002 BMW 330i, sale price $34,210.33.

The Markley Motors sales department allowed the defendant to take the Tahoe on November 6, 2004, without any form of down payment or financing in place but obtained a copy of the defendant's driver's license. After taking the vehicle, the defendant called the dealership twice saying he would be in to pay for the vehicle.

On November 26, 2004, the defendant obtained the Audi with a check, #8031, he made to Markley Motors in the amount of $12,056.03. The check was from Hogley's Parts and Accessories drawn from Compass Bank.

On December 1, 2004, the defendant obtained the BMW with a check, # 8035, he made to Markley Motors in the amount of $34,210.33. The check was from Hogley's Parts and Accessories.

The dealership received a call from Compass Bank Corporate Security advising that the checks were forged. Contact with Compass Bank security revealed there were six checks stolen from Hogley's Parts and Accessories. Five of the checks had cleared: #8031 issued to Markley Motors for $12,056.03; #8032 issued to Village Pump for $40.00; #8033 issued to Norman ALVIS; #8034 issued to Sunflower Market for $30.64; and #8035 issued to Markley Motors for $34,210.33.

After unsuccessful attempts to contact the defendant, a search warrant was obtained for 1200 Kirkwood Drive, the defendant's last known residence. Officers contacted the landlord, Norman Alvis, who let them into the residence. He advised that the defendant had paid him with a $2,500 check. Mr. Alvis was notified by the bank that the check he paid with was stolen. Officers observed a 1998 Audi parked on the street. This car was determined to be the vehicle taken from Markley Motors by the use of a forged check.

A search of the residence revealed a greeting card addressed to Nick, a known alias of the defendant, foam cups, and plastic bottles. A search of the garage revealed a silver Mercedes-Benz, lease paperwork on this vehicle, a Motorola phone, and miscellaneous paperwork. A search of the Mercedes Benz vehicle identification number (VIN) revealed it was a stolen vehicle from Westminister, Colorado. The vehicle had been reported stolen on September 28, 2004.

The Chevrolet Ford Tahoe purchased by the defendant with a forged check was later recovered in LaPorte, Colorado.

The defendant plead guilty in Larimer County, Combine Court, Case No. D0352004CR002406 to Theft $500-$15,000. On February 3, 2005, he was sentenced to six (6) years in the Department of Corrections with thirty (30) days credit for time served, to run concurrent with the federal sentence. The Court ordered that a restitution order be filed within sixty (60) days and that restitution be a condition of parole.

7.  **VIOLATION OF LAW**

On or about September 28, 2004, the defendant committed the offense of Theft-$500-$15,000, in violation of Colorado Revised Statute 18-4-401(1), (2) (c), a Class 4 Felony, which constitutes a Grade B violation of supervised release.

This charge is based on the following:

According to the First Judicial District Attorney's Office, District Court, Jefferson County, Colorado, Affidavit For Arrest Warrant, in September 2004, Renee Castillo met Nick Giovanelli, later identified as the defendant, on the internet. After communicating over the internet for approximately two weeks, the couple met and became romantically involved.

The defendant told Renee he was from Las Vegas, Nevada, that he was involved with the Mafia, and that he and his family had a lot of money. At this time the couple was meeting at least every other day and Renee would have to borrow a car either from family or friends to meet with the defendant since she did not have her own vehicle. The defendant told Renee he wanted her to have nice things and was tired of her having to ask family and friends for transportation. He told her that he was going to take her to pick out a car that he would pay.

About the third week in September 2004, the defendant called Renne and told her to go to Ralph Schomps dealership to test drive a silver 740L BMW. If she liked the vehicle, the defendant told her to buy it and he would reimburse her. On September 28, 2004, Renee test drove the vehicle and with the help of her step-dad wrote a check to Ralph Schomps in the amount of $28,112.35. Renee advised the defendant of the vehicle purchase and the amount. The defendant stated he would deposit the purchase amount. Renee then wrote a check on her mother's Liberty Savings account to her step-dad in the amount of $28,002.35. The following day Renee discovered that the defendant did not make any deposit and Renee stopped payment on the check that was written to her step-dad. She also contacted Ralph Schomps.
On October 1, 2004, the defendant made a $30,000.00 deposit into Renee's mother's , Mary Castillo-Martinez, checking account. On October 3rd or 4th, Renee obtained cashiers checks and

paid Ralph Schomps the full amount.

Approximately three days later Renee received a call from Liberty Savings Bank advising that the deposit made by the defendant was not good. Liberty Savings Bank Investigator took possession of the vehicle the following day.

The check used by the defendant was drawn on a Academy Bank account. Contact with Corporate Security at Academy Bank revealed the account was in the name of David Barbe and there were never funds to cover the check. Renee was shown a picture of the defendant and confirmed that this was the party she knew as Nick Giovanelli. Further investigation with Academy Bank revealed that the account was open from August 23, 2004, through October 21, 2004. When the defendant opened this account he used Colorado Driver's License #960450321 on the signature card. This driver's license was confirmed to be the defendant. The only deposits made to the account were $100 on the day it was opened and $21.35 on September 3, 2004. The account was closed by the bank after excessive non sufficient funds. At the time the account was closed, it was $698.42 in arrears.

In January 2005, it was confirmed that Westminster Police Department was investigating a case whereby the defendant had purchased a Mercedes-Benz with a bad check. According to the Westminster report on September 28, 2004, the defendant entered Glauser Mercedes-Benz dealership located at 10391 Westminster Boulevard, Westminster, Colorado, requesting to purchase a 2001 silver SL500 Mercedes-Benz on the lot. A salesperson prepared the Retail Buyers Contract which listed the total of the vehicle to include taxes as $44,891.42. The defendant presented a personal check drawn on an Academy Bank account to the sales manager and left with the vehicle. Days later the check was returned not paid and stamped NSF. Over the next several weeks, the salesperson got numerous promises from the defendant that he was going to return with certified funds. The defendant never returned and this was reported as an auto theft on October 26, 2004, to the Westminster Police Department.

On November 9, 2004, the detective assigned to this case met with the Glauser Mercedes-Benz salesperson and sales manager that were involved in this sale and both identified the defendant as the party who passed the bad check and the party who left the dealership in the Mercedes-Benz. This vehicle was discovered at the defendant's last known address, 1200 Kirkwood Drive, during the search warrant noted in Allegation No. 6 of this petition.

The defendant plead guilty to count number V: Theft $500-$15,000. Counts I-IV were dismissed. He was sentenced on July 13, 2009, to four (4) years in the Department of Corrections. The sentence was Nunc Pro Tunc to February 3, 2005, a three (3) year period of mandatory parole was also imposed.